SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-11-556

| | |
|---|---|
| CRISTOBAL ANTONIO MANCIA<br>APPELLANT | **Opinion Delivered** February 6, 2014 |
| V. | APPEAL FROM THE BENTON<br>COUNTY CIRCUIT COURT<br>[NO. CR2007-802-1] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBIN F. GREEN,<br>JUDGE |
| | <u>REBRIEFING ORDERED</u>. |

## PER CURIAM

On March 7, 2008, appellant, Cristobal Antonio Mancia, pleaded guilty to rape and was sentenced to a term of life imprisonment. Pursuant to Arkansas Supreme Court Rule 4-3(k) (2010), Mancia filed a brief on appeal asserting that there was no meritorious basis for his appeal. We agreed and affirmed Mancia's conviction. *Mancia v. State*, 2010 Ark. 247 (per curiam).

On July 19, 2010, pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2010), Mancia filed a petition for postconviction relief alleging eight grounds for relief. On February 7, 2011, without holding a hearing, the circuit court denied Mancia's petition. From that order, Mancia appeals and contends that the circuit court erred by entering findings on four of his ineffective-assistance-of-counsel claims without holding a hearing: (1) Mancia's counsel was intoxicated at the plea hearing; (2) Mancia's counsel failed to investigate the victim's statement based on the fact that the victim did not speak English and the police did

not speak Spanish; (3) Mancia's counsel failed to investigate Mancia's statement to the police based on Mancia's limited ability to communicate in English and did not have an interpreter at court proceedings; and (4) Mancia's counsel did not inform Mancia of the sentencing options and did not secure a plea agreement with a set number of years of imprisonment.

We do not reach the merits of Mancia's arguments, however, because we must order rebriefing to correct abstracting deficiencies. Pursuant to Arkansas Supreme Court Rule 4–2(a)(5) (2011), "the appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal."

Here, Mancia did not provide any abstract, stating that "[Mancia] entered a guilty plea in this matter and therefore there is no transcript of a trial to be abstracted." However, a review of the record demonstrates that Mancia's guilty-plea hearing is pertinent to this court's review of his Rule 37 appeal. Therefore, we remand Mancia's appeal for rebriefing.

Mancia has forty days from the date of this opinion to file a substituted brief that complies with the rules. See Ark. Sup. Ct. R. 4–2(b)(3). We strongly encourage Mancia to review the rules and to ensure that no other deficiencies are present prior to filing the substituted brief. Failure to timely correct the deficiencies in Mancia's brief may result in the judgment of the circuit court being affirmed for noncompliance with the rule. *See* Ark. Sup. Ct. R. 4–2(c)(2). After service of Mancia's substituted brief, the State shall have the opportunity to revise or supplement its brief in the time prescribed by the clerk, or to rely on



the brief that it previously filed in this appeal.

Rebriefing ordered.

*Dana A. Reece*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Senior Ass't Att'y Gen., for appellee.