SLIP OPINION

Cite as 2014 Ark. 206

# SUPREME COURT OF ARKANSAS

No. CR-11-556

| | | |
|---|---|---|
| CRISTOBAL MANCIA<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | | Opinion Delivered May 8, 2014<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR2007-807-1]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br>APPELLANT'S MOTION FOR EXTENSION OF TIME GRANTED; ORDER TO RETURN RECORD ISSUED. |

**PER CURIAM**

This is an appeal from an order entered by the Benton County Circuit Court denying Appellant Cristobal Mancia's petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. Mancia has filed a motion for extension of time to file his brief, asserting that his prior counsel is in possession of his trial record; therefore, he cannot complete his briefing obligation.

On March 7, 2008, Mancia pled guilty to rape and was sentenced to a term of life imprisonment. Pursuant to Arkansas Supreme Court Rule 4-3(k), attorney Bruce Bennett filed a brief asserting that there was no meritorious basis for Mancia's appeal. That appeal was docketed as case number CR-08-770. This court agreed and affirmed Mancia's conviction. *Mancia v. State*, 2010 Ark. 247 (per curiam). The mandate issued on June 8, 2010, and the records in our clerk's office indicate that attorney Dana Reece checked out the record in CR–

08-770 on July 9, 2010.

On July 19, 2010, pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure, Mancia filed a petition for postconviction relief. The circuit court denied that petition on February 7, 2011. Reece lodged an appeal from that decision on behalf of Mancia, which was docketed as case number CR-11-556. Mancia's brief, after a final extension, was due on August 25, 2011. On October 5, 2011, the State filed a motion to dismiss because no brief had been filed. This court granted the State's motion on October 27, 2011. Upon receiving the order of dismissal, Mancia filed a motion to reconsider dismissal and reinstate appeal on November 4, 2011. After finding that Reece was at fault for failing to file the brief, this court granted Mancia's motion. *Mancia v. State*, 2011 Ark. 507 (2011) (per curiam). On December 1, 2011, Reece filed a brief on Mancia's behalf.

Thereafter, on April 24, 2012, the Arkansas Supreme Court Committee on Professional Conduct suspended Reece for thirty-six months from representing clients before the Arkansas Supreme Court and Arkansas Court of Appeals.

On February 6, 2014, we ordered rebriefing in CR-11-556 because of abstract deficiencies in the brief that had been filed by Reece. *Mancia v. State*, 2014 Ark. 55 (per curiam). Specifically, we noted that "Mancia's guilty-plea hearing is pertinent to the court's review of his Rule 37 appeal" and should be abstracted. *Id*. at 2.

On March 13, 2014, attorney Craig Lambert filed a motion to be substituted as counsel. We granted the motion and ordered that appellant's corrected brief was due on April 29, 2014. Lambert filed a motion for extension of time on April 28, 2014, maintaining that

SLIP OPINION

both Lambert and the records supervisor in the clerk's office had asked Reece to return the record in CR–08–770, but she was still in possession of it. Lambert asserts that it is impossible to prepare Mancia's brief without access to the trial record and requests an extension of time to prepare the brief.

We grant Mancia's request for an extension of time to file his appellant's brief. Dana Reece is ordered to return the record in CR–08–770 within five calendar days from the date of this opinion. The deadline for Mancia to file his brief is stayed until the record is returned, and Mancia has thirty days from the date the record is returned to file his corrected brief.

Appellant's motion for extension of time granted; order to return record issued.