SLIP OPINION

Cite as 2015 Ark. 115

# SUPREME COURT OF ARKANSAS

No. CR-11-556

| | |
|---|---|
| CRISTOBAL ANTONIO MANCIA<br>APPELLANT | **Opinion Delivered** March 19, 2015 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR-2007-802-1] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBIN FROMAN GREEN, JUDGE |
| | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

On March 7, 2008, appellant, Cristobal Antonio Mancia, pleaded guilty to rape and was sentenced to a term of life imprisonment. Pursuant to Arkansas Supreme Court Rule 4-3(k) (2010), Mancia filed a brief on appeal asserting that there was no meritorious basis for his appeal. We agreed and affirmed Mancia's conviction and held:

> Although counsel indicates in his brief that there was no applicable exception to the general rule that there is no right to appeal from a plea of guilty, an appeal may be taken after a guilty plea when it alleges evidentiary errors which arose after the plea and during the sentencing phase. *Johnson v. State*, 2010 Ark. 63. In this case, the plea was entered without benefit of a plea agreement, and appellant was provided a hearing for sentencing purposes. Counsel asserts that there were no adverse rulings, however, and our review of the record confirms that there were no objections to the evidence presented to the court. *See* Ark. Sup.Ct. R. 4–3(i) (2009). Consequentially, there were no adverse rulings so as to merit an appeal.

*Mancia v. State*, 2010 Ark. 247, at 1 (per curiam).

On July 19, 2010, pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2010), Mancia filed a petition for postconviction relief alleging eight grounds for relief. On

SLIP OPINION

February 7, 2011, without holding a hearing, the circuit court denied Mancia's petition.

On May 31, 2011, Mancia's attorney, Dana Reece, lodged an appeal from that decision on behalf of Mancia. *Mancia v. State*, 2014 Ark. 206 (per curiam). Mancia's brief, after a final extension, was due on August 25, 2011. *Id.* On October 5, 2011, the State filed a motion to dismiss because no brief had been filed. *Id.* This court granted the State's motion on October 27, 2011. *Id.* Upon receiving the order of dismissal, Mancia filed a motion to reconsider dismissal and reinstate appeal on November 4, 2011. *Id.* After finding that Reece was at fault for failing to file the brief, this court granted Mancia's motion. *Mancia v. State*, 2011 Ark. 507 (per curiam). On December 1, 2011, Reece filed a brief on Mancia's behalf. *Id.* Thereafter, on April 24, 2012, the Arkansas Supreme Court Committee on Professional Conduct suspended Reece for thirty-six months from representing clients before the Arkansas Supreme Court and Arkansas Court of Appeals. *Id.*

On February 6, 2014, because of abstract deficiencies in the brief that had been filed by Reece, we ordered rebriefing in this appeal. *Mancia v. State*, 2014 Ark. 55 (per curiam). On February 6, 2014, we notified Mancia, at the Arkansas Department of Correction, of our per curiam, and provided him with a copy. On July 1, 2014, Mancia filed a substituted brief and on July 24, 2014, the State timely responded.

From the circuit court's February 7, 2011 order denying Mancia's Rule 37.1 petition, Mancia appeals and contends that the circuit court erred in denying his petition on the following grounds: (1) the circuit court erred in denying Mancia's Rule 37 petition because

defense counsel was ineffective on eight separate grounds;[1] (2) the circuit court erred because it did not hold an evidentiary hearing; (3) pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), Mancia is entitled to a new Rule 37 proceeding and appointed counsel because his previous Rule 37 counsel was constitutionally ineffective.

In turning to the merits, the circuit court did not hold an evidentiary hearing. Rule 37.3 of the Arkansas Rules of Criminal Procedure provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999) (citing *Bohanan v. State*, 327 Ark. 507, 939 S.W.2d 832 (1997) (per curiam)). If the files and the record show that the petitioner is not entitled to relief, the circuit court is

---

[1] Mancia asserts that the circuit court's order must be reversed on the following eight separate grounds:

1. Defense counsel was ineffective because he was intoxicated.
2. Defense counsel was ineffective because counsel did not investigate the victim's statement to the police.
3. Defense counsel was ineffective because counsel did not investigate or move to suppress Mancia's statement and did not secure an interpreter.
4. Defense counsel was ineffective because counsel did not inform Mancia of the accurate minimum sentence.
5. Defense counsel was ineffective because counsel failed to secure a set sentence in the plea deal.
6. Defense counsel was ineffective because counsel did not have an interpreter present at all conversations he had with Mancia.
7. Defense counsel was ineffective because counsel did not have an interpreter present during all court proceedings held in the case.
8. Defense counsel was ineffective because he did not inform Mancia that he was giving up his right to appeal by pleading guilty.

required to make written findings to that effect. Ark. R. Crim. P. 37.3(a).

"On appeal from a trial court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id*." *Prater v. State*, 2012 Ark. 164, at 8, 402 S.W.3d 68, 74.

"The benchmark for judging a claim of ineffective assistance of counsel must be 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' *Strickland* [*v. Washington*, 466 U.S. 668, (1984)]." *Henington v. State*, 2012 Ark. 181, at 3-4, 403 S.W.3d 55, 58. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*.

Second, the petitioner must show that counsel's deficient performance so prejudiced

petitioner's defense that he was deprived of a fair trial. *Id*. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id*. Additionally, conclusory statements that counsel was ineffective cannot be the basis of postconviction relief. *Anderson v. State*, 2011 Ark. 488, at 5, 385 S.W.3d 783.

Finally, "the rule for evaluating ineffective-assistance-of-counsel claims in cases involving guilty pleas appears in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In that case, the Supreme Court held that the 'cause and prejudice' test of *Strickland v. Washington*, 466 U.S. 668 (1984), applied to challenges to guilty pleas based on ineffective assistance of counsel. The Court further held that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. 366." *Buchheit v. State*, 339 Ark. 481, 484, 6 S.W.3d 109, 111 (1999) (per curiam).

## I. *Ineffective Assistance of Counsel*

With this standard in mind, we now turn to the issues raised by Mancia. Mancia asserts that the circuit court erred with regard to eight separate grounds of relief on his



Cite as 2015 Ark. 115

ineffective-assistance-of-counsel argument.

### A. Intoxication

First, Mancia asserts that the circuit court erred in denying his claim that he received ineffective assistance of counsel and his guilty plea is invalid because his defense counsel was intoxicated and suffered from alcoholism. Mancia contends in his Rule 37 petition that he made a specific factual allegation that his attorney was under the influence of alcohol during his representation "and even worse while in the courtroom . . . during Mancia's proceedings" and witnesses would be called to substantiate his claims.

The circuit court denied Mancia's claim and explained:

Petitioner's allegation that his attorney appeared before the Court intoxicated and that he suffered from alcoholism is unsubstantiated and unsupported by the record. As such, it is a conclusory allegation. The Petitioner must do more than make a conclusory allegation unsupported by facts. *Nance v. State*, 339 Ark. 192, 4 S.W.3d 501 (1999); *Bryant v. State*, 323 Ark. 130, 913 S.W.2d 257 (1996). A claim that prejudice was suffered without any factual explanation about what form the prejudice took or how serious it was is not enough to prove ineffective assistance of counsel. *Spivey v. State*, 299 Ark. 412, 773 S.W.2d 446 (1989). This allegation is denied and no hearing on it is required.

Mancia contends that the circuit court erred because he made factual allegations regarding his defense counsel's intoxication that would be substantiated if Mancia were afforded a hearing. Further, Mancia asserts that the circuit court's finding that Mancia's claim is "unsupported by the record" is the wrong standard to be applied, alleging that it was the circuit court's duty to hold an evidentiary hearing unless "the files and the record conclusively show that Mancia is not entitled to relief."

The State responds that nothing in the record suggests that defense counsel was

SLIP OPINION

intoxicated; neither the judge, the prosecutor, Mancia or anyone else present at the hearing ever indicated that defense counsel was impaired. In sum, the State contends that the record does not demonstrate any behavior, actions, or inactions of counsel to suggest that defense counsel was impaired. The State also contends that Mancia mistakenly relies on *Lee v. State*, 367 Ark. 84, 238 S.W.3d (2006) where we granted Lee's motion to recall the mandate due to his counsel's impairment that was reflected in the record by numerous, specific examples of counsel's inability to defend his client during the course of the Rule 37 hearing and his counsel's admission that he suffered from problems with alcohol. However, the State asserts that in *Lee*, the record was replete with examples of counsel's erratic behavior; however, here, in Mancia's case, the record is void of any evidence to support Mancia's allegation. Finally, the State responds that Mancia has failed to identify any witness or identify what his or her testimony would be to support his claim. The State urges us to affirm the circuit court, asserting that Mancia bears the burden to provide facts that affirmatively support his Rule 37.1 claims and has failed to do so.

Here, the record demonstrates that defense counsel acted in an appropriate manner and there is nothing in the record to suggest defense counsel was intoxicated. During the plea, the following colloquy occurred between defense counsel, the circuit court and Mancia:

| | |
|---|---|
| THE COURT: | Now, Mr -- I assume [defense counsel] has explained to you that in your case that the -- that the minimum penalty, as I understand it, is 25 years. |
| DEFENSE COUNSEL: | That's what I understand, Judge. |
| THE COURT: | Has [defense counsel] explained that to you? |

SLIP OPINION

Cite as 2015 Ark. 115

DEFENDANT MANCIA:     Yeah, he tell me that.

. . . .

THE COURT:     I know you signed off, but I'm going to --I'm asking you on the record, do you dispute those facts [in the agreed statement of facts]?

DEFENDANT MANCIA:     That mean I'm guilty, right?

THE COURT:     What did he say?

DEFENSE COUNSEL:     He asked -- he agreed with that. He says yes.

THE COURT:     All right.

Does that mean that you agree this is a correct statement of the facts?

DEFENDANT MANCIA:     Yes, sir.

. . .

Additionally, in reviewing the entire fifteen-page plea hearing, the record is absent any indication that Mancia's defense counsel was intoxicated. Although Mancia asserts the conclusion that counsel was ineffective and his guilty plea is invalid because defense counsel was intoxicated, the record simply does not support this position. Further, Mancia fails to offer specific facts to support his conclusion or identify witnesses or provide a summary of the proposed testimony. Where a petitioner alleges ineffective assistance of counsel concerning the failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Moten v. State*, 2013 Ark. 503; *Stevenson v. State*, 2013 Ark. 302 (per curiam) (citing *Hogan v. State*, 2013 Ark. 223 (per curiam)). Mancia was required to establish

8

that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *See Carter v. State*, 2010 Ark. 231. Accordingly, Mancia has failed to demonstrate that the circuit court erred in its denial of his claim of ineffective assistance of counsel on this first point.

Finally, with regard to his claim that he was entitled to an evidentiary hearing and that the "wrong standard" was applied, we do not find merit in this argument. Mancia's entire argument in his Rule 37 petition was as follows:

> [Mancia] was denied his right to effective assistance of counsel . . . by trial counsel being intoxicated at the hearings and suffering from alcohol abuse, thereby impairing his judgment and ability to function as Defendant's counsel. *Lee v. State*, 367 Ark. 84, 238 S.W.3d 52 (2006) (counsel cannot be qualified to represent a client while suffering from an alcohol problem).

The circuit court held that, Mancia's claim that his "attorney appeared before the Court intoxicated and that he suffered from alcoholism is unsubstantiated and unsupported by the record. . . . This allegation is denied and no hearing on it is required."

Here, the circuit court's findings are sufficient to specify the basis for its ruling. Also, "the circuit court need not hold an evidentiary hearing where it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit." *Bienemy v. State*, 2011 Ark. 320, at 5. Again, simply put, the record lacks any evidence of impairment.

In sum, Mancia must show that counsel performed deficiently and that Mancia suffered severe prejudice as a result of counsel's error that he was deprived of a fair trial. Mancia has failed to meet the standard under *Strickland* and we affirm the circuit court on this first point.

### B. Defense Counsel Capitalize Was Ineffective for Failing to Investigate the Victim's Statement Before Advising Mancia to Plead Guilty

For his second claim, Mancia asserts that the circuit court erred by denying his claim that he received ineffective assistance of counsel when his defense counsel failed to investigate the victim's statement before advising Mancia to plead guilty. Mancia contends that his guilty plea is invalid because if his defense counsel had investigated the victim's statement further, defense counsel would have realized that the victim's statement "was not as damaging to Mancia's defense as Mancia's counsel ultimately led Mancia to believe." Mancia also asserts that because the victim did not speak English and the officers who took the statement did not speak Spanish, "it would be very easy for the victim's statement to be interpreted incorrectly." Mancia contends that the circuit court's finding that Mancia waived this claim when he decided to plead guilty is erroneous because his plea was not "knowing and intelligent" because he was advised to plead guilty based on false information.

The State responds that Mancia's argument is without merit because Mancia pleaded guilty after hearing the prosecutor describe what Mancia was alleged to have done. Mancia made a full admission that he raped the victim. The State further responds that although Mancia alleges that he pleaded guilty based on his attorney's alleged deficient performance, he has failed to demonstrate that his attorney's performance had any impact on his plea.

The circuit court denied Mancia's claim in its February 7, 2011 order and held:

> Petitioner's allegation that Mr. Bennett failed to properly investigate the statement of the victim is insufficient to merit relief under Rule 37. When a Rule 37 Petition challenges a guilty plea, the Arkansas Supreme Court has ruled that the sole issue to be decided by the court is whether the plea was intelligently and voluntarily entered with the advice of competent counsel. *Williams v. State*, 273 Ark. 371, 620 S.W.2d 277 (1981). If Petitioner questioned the validity of the victim's statement, he could have exercised his right to cross-examine her at a jury trial. By choosing to enter a guilty plea, Petitioner knowingly and intelligently waived his right to do so.

SLIP OPINION

SLIP OPINION

This allegation is denied and no hearing on it is required.

In reviewing the circuit court's order on Mancia's claim that the circuit court erred in denying his claim regarding the investigation of the victim's statement, we note that the circuit court cited the correct standard, "on appeal from the denial of a Rule 37 petition following pleas of guilty there are only two issues for review—one, whether the plea of guilty was intelligently and voluntarily entered, two, were the pleas made on the advice of competent counsel." *Branham v. State*, 292 Ark. 355, 356, 730 S.W.2d 226, 227 (1987). Here, based on the record before us, and applying *Strickland* and its progeny, Mancia does not allege that, but for defense counsel's failure to investigate, he would not have pled guilty. Additionally, we note that "an appellant who has pleaded guilty normally will have considerable difficulty in proving any prejudice as the plea rests upon an admission in open court that the appellant did the act charged." *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam). Here, Mancia must allege some direct correlation between counsel's deficient performance and the decision to enter the plea, or the petitioner is procedurally barred from postconviction relief. *See Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. Conclusory statements to that effect, without an alleged factual basis, do not suffice.

Under the *Strickland* test, Mancia must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial. "To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has [pleaded] guilty must demonstrate a reasonable probability

SLIP OPINION

that, but for counsel's errors, he would not have so pleaded and would have insisted on going to trial. *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999) (per curiam) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985))." *Olivarez v. State*, 2012 Ark. 24, at 4 (per curiam). Bare assertions of ineffectiveness are not enough. Conclusory statements that counsel was ineffective will not sustain a Rule 37 petition. *Anderson*, 2011 Ark. 488, at 5. Mancia has failed to meet this standard and we affirm the circuit court.

### C. Defense Counsel Was Ineffective for Failing to Investigate Statements Made by Mancia Prior to Mancia's Guilty Plea and For Failing to File a Motion to Suppress Mancia's Statements

For his third claim, Mancia asserts that the circuit court erred in rejecting Mancia's claim that counsel was ineffective for failing to investigate the statements supposedly made by Mancia prior to the entry of Mancia's guilty plea and for failing to make a motion to suppress Mancia's statements "based on the fact that Mancia's use of the English language was extremely limited." Mancia contends that it is clear from the record that Mancia had only a second grade education and his English language was limited, the circuit court "did virtually all of the talking," Mancia "barely said anything more than 'yes sir.'" Therefore, Mancia concludes that the circuit court erred and his plea was not made knowingly and intelligently.

The State responds that the record demonstrates that Mancia has lived in the United States since 1993, Mancia indicated that he understood what he was being told, Mancia responded to questions with appropriate statements and complete answers and never stated he did not understand or was confused or anything to suggest that he did not understand the proceedings.

In its February 7, 2011 order, the circuit court denied Mancia's claim and held:

Petitioner's allegation that Mr. Bennett was ineffective because he failed to properly investigate Petitioner's statement to law enforcement due to Petitioner's limited knowledge of English is not entitled to relief under Rule 37. This allegation fails because it is contradicted by the record. While Petitioner claims to have a limited knowledge of the English language, the record indicates that he never displayed any such impairment before the Court. In fact, Petitioner engaged in a lengthy discussion with the Court without the aid of an interpreter and made no request for an interpreter. (Tr. pages 9- 23). Since the record demonstrates that Petitioner understands and speaks English, this allegation does not affect the voluntary and intelligent nature of his guilty plea. This allegation is denied and no hearing on it is required.

Here, we agree with the State's position. The record fails to demonstrate that Mancia did not understand the proceedings, that he needed an interpreter and that his defense counsel was deficient in his representation in this regard. The record demonstrates that Mancia understood the proceedings and communications. The record also demonstrates that on February 1, 2008, in preparation for Mancia's jury trial set for February 5, 2008, defense counsel requested an interpreter. Mancia decided to plead guilty, and the trial did not occur. However, at the plea hearing on February 4, 2008, nothing in the record demonstrates that Mancia needed or requested the use of an interpreter during the plea hearing that he complains about.

Again, based on *Strickland*, Mancia must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial. "To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has [pleaded] guilty must demonstrate a reasonable probability

SLIP OPINION

that, but for counsel's errors, he would not have so pleaded and would have insisted on going to trial. *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999) (per curiam) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985))." *Olivarez*, 2012 Ark. 24, at 4 (per curiam). Bare assertions of ineffectiveness are not enough and conclusory statements that counsel was ineffective will not sustain a Rule 37 petition. *Anderson*, 2011 Ark. 488, at 5. Further, Mancia has not alleged that he suffered prejudice. Mancia has failed to meet this standard and we affirm the circuit court.

### D. Defense Counsel was Ineffective for Misadvising Mancia Regarding the Range of Punishment

Fourth, Mancia asserts that the circuit court erred in denying his claim that defense counsel was ineffective for "misadvising Mancia regarding the range of punishment that applied to him." Relying on the "Defendant's Statement," Mancia contends that defense counsel negligently advised him that the minimum sentence for rape was ten years when the minimum sentence was actually twenty-five years. Mancia contends that the circuit court erred because "the record clearly reflects that it was Mancia's belief, at the time that he signed the 'Defendant's Statement' and agreed to plead guilty the minimum punishment that he was facing was only ten (10) years in prison."

The State responds that although Mancia signed the "Defendant's Statement" the day of his plea and the statement erroneously stated that ten years was the minimum sentence, this error is negated by the record. The State contends that the record demonstrates that Mancia clearly understood that the minimum sentence was twenty-five years.

At issue is the circuit court's order denying Mancia's claim:

14

Petitioner's allegation that his attorney was ineffective because Petitioner was not advised of the minimum penalty for his crime is contradicted by the record. Before the acceptance of Petitioner's guilty plea, the deputy prosecuting attorney stated on the record that the penalty range for Petitioner's crime was a minimum of twenty-five (25) years up to a maximum sentence of life in prison. It is worth noting that Petitioner's "Defendant's Statement" incorrectly states that the minimum sentence for the rape of a child under the age of fourteen (14) is ten (10) years, the minimum sentence for an adult rape conviction. The Court is satisfied that the record demonstrates that this scrivener's error is substantially outweighed by the public statement on the record and in open court of the correct minimum sentence of twenty-five (25) years before the acceptance of Petitioner's guilty plea. The record shows that Petitioner entered his plea with the understanding that his guilty plea constituted a waiver of his right to appeal the conviction. This allegation is denied and no hearing on it is required.

Mancia asserts that the circuit court trivialized the "10 years" error on the "Defendant's Statement" and the fact that the circuit court correctly explained the minimum punishment at the plea hearing does not cure the error.

However, we disagree. Despite the error on "Defendant's Statement," the record demonstrates that Mancia was advised multiple times of the proper sentence:

| THE COURT: | Well, let's say that the law says – and this is hypothetical, but if the law says that in a particular case a person could be sentenced to 10 to 40 years, or life, the Court could choose to sentence a person to 10 years, 20 years, 30 years, 40 years, or life. Any – whatever the Court feels is appropriate. Do you understand that? |
|---|---|
| DEFENDANT MANCIA: | Yes, sir. |
| THE COURT: | Now, . . . – – I assume [defense counsel] has explained to you that in your case that the – that the minimum penalty, as I understand it, is 25 years. |
| DEFENSE COUNSEL: | That's what I understand, Judge. |

15

| THE COURT: | Has [defense counsel] explained that to you? |
| DEFENDANT MANCIA: | Yeah, he tell me that. |
| THE COURT: | Well, do you understand that the Court can sentence you to 25 years or – – or more, up to the maximum? Do you understand that? |
| DEFENDANT MANCIA: | *Yes, sir.* |
| . . . . | |
| THE COURT: | Has anyone said to you well, you know, if you'll plead guilty Judge Keith won't give you more than 25 years, that's the minimum. Has anyone said that? |
| DEFENDANT MANCIA: | *No.* |

(Emphasis added.)

Here, the record demonstrates that Mancia was informed and aware of the twenty-five year minimum sentence prior to the entry of his guilty plea. We also note that Mancia does not assert that but for the alleged error he would not have pled guilty or that his guilty plea was premised on his belief that the minimum sentence was ten years.

Again, based on *Strickland*, Mancia must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial. "To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has [pleaded] guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have so pleaded and would have insisted on going to trial. *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999) (per curiam) (citing *Hill v.*

*Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).” *Olivarez*, 2012 Ark. 24, at 4 (per curiam). Mancia has failed to meet this standard and the record does not support his position. We affirm the circuit court on this point.

### E. Defense Counsel was Ineffective for Failing to Attempt to Negotiate with the State for a Sentence of Less than Life in Prison

Fifth, Mancia asserts that the circuit court erred in denying his claim that his defense counsel was ineffective when defense counsel failed to attempt to negotiate with the State for a sentence of less than life in prison. Mancia concludes that if defense counsel had negotiated with the State, it is reasonably probable that the State would have extended an offer to allow Mancia to plea to a term of years.

The State responds that the record demonstrates that Mancia pled guilty, acknowledged that there was not a plea agreement with the State, and Mancia subjected himself to sentencing by the court. The State further responds that Mancia's position that the record demonstrates that the prosecutor would have supported a sentence less than life is not supported by the record.

The circuit court held that

> Petitioner's allegation that he was denied effective assistance of counsel because his attorney failed to pursue a favorable plea agreement with the State is not eligible for relief under Rule 37. If Petitioner was unhappy with a plea to the Court, he could have exercised his right to a jury trial. Since he chose to enter a guilty plea to the Court, the only relevant issue is whether he entered his plea voluntarily and intelligently with the advice of competent counsel. Because this allegation does not affect the voluntary and intelligent nature of Petitioner's plea, it is insufficient to merit relief under Rule 37. This allegation is denied and no hearing on it is required.

Here, in reviewing the record, the record demonstrates that the following colloquy

occurred regarding Mancia's plea:

| | |
|---|---|
| THE COURT: | Okay.  After you have found out what you're charged with, what the State has to prove for you to be found guilty, what evidence the State has in order to prove its case against you and that the penalties are, after you have all of that, then you can make a decision on whether or not you should plead guilty, and you need to have all of that in order to make that decision. |
| | Do you have all of that Mr. Mancia? |
| DEFENDANT MANCIA: | Yes, sir. |
| . . . . | |
| THE COURT: | Mancia.  This is a plea to the Court; that is, you don't have a plea bargain with the State, Mr. Mancia.  Do you understand that? |
| DEFENDANT MANCIA: | Yes, Sir. |

Here, the record demonstrates that Mancia was aware that he had not received a plea bargain from the State.  When a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or that it was entered without effective assistance of counsel. *See Gonder v. State*, 2011 Ark. 248 (per curiam); *Jamett v. State*, 2010 Ark. 28 (per curiam).  The record demonstrates that Mancia knowingly and intelligently entered into the plea agreement.

Again, based on *Strickland*, Mancia must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial.  "To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance

SLIP OPINION

of counsel, an appellant who has [pleaded] guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have so pleaded and would have insisted on going to trial. *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999) (per curiam) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985))." *Olivarez*, 2012 Ark. 24, at 4 (per curiam). Mancia has failed to meet this standard and the record does not support Mancia's argument. We affirm on this point.

### F. Defense Counsel Was Ineffective for Failing to Ensure a Translator Was Present for all Conversations With Mancia to Ensure Mancia Fully Understood the Evidence Against Him and Potential Sentence

Sixth, Mancia asserts that the circuit court erred in denying his claim that his defense counsel was ineffective for failing to ensure an interpreter was present during all conversations with Mancia to ensure Mancia understood the evidence against him and the sentence if he pled guilty. Mancia contends that the transcript does not support the circuit court's finding that Mancia could speak and understand English. Mancia contends that the record demonstrates that the trial judge and the court reporter both had trouble understanding Mancia's answers. Finally, Mancia asserts that the circuit court erred because Mancia has raised a legitimate issue as to whether trial counsel owed a professional duty to obtain the services of an interpreter to fully understand the proceedings and cooperate with counsel. Mancia alleges that, based on the cold record, the circuit court could not have determined that Mancia understood the proceedings.

The State responds that the record demonstrates that Mancia understood what he was doing and that he knowingly and intelligently entered his plea with the knowledge that the

19

SLIP OPINION

court was sentencing him and that he could receive a sentence of life imprisonment. Further,

the State responds that Rule 37 is not a forum for Mancia to now contest the representations

that he made to the court during his plea agreement.

The circuit court denied Mancia's claim and held:

> Petitioner's allegation that [defense counsel] was ineffective because he failed to ensure the presence of an interpreter during Petitioner's court appearances. As with the previous allegation, the court transcript contradicts Petitioner's assertion that he struggled to speak and understand English.( Tr. pages 9-23 ). Since the record demonstrates that Petitioner did not struggle to speak and understand English, this allegation does not affect the voluntary and intelligent nature of Petitioner's plea of guilty. Therefore, this allegation is denied and no hearing on it is required.

Here, despite Mancia's allegations, as discussed previously, a review of the record

demonstrates that Mancia understood the proceedings and communicated without hesitation.

Without citing to specific language, Mancia generally refers to the record as support.

However, the following colloquy occurred during the plea hearing:

THE COURT: [A]t the time you entered a plea of not guilty the Court asked the State what is the status of the file. That – and in . . .your case the State said the file is open, Judge. What that means is that you, through your attorney, have access to all the information about your case that the State has; that is, any written reports, the statements of witnesses, any tests that may have been performed, the police reports, everything. And – and the reason that's important is that it puts you in a position, through your attorney, to know what kind of evidence the State has that it would introduce at trial to convince the jury of your guilt.

Now, what I expect to have happened . . . that you have, number one, told your attorney all you know about your case; and if you have, raise your right hand.

[Mancia] hand raised.

THE COURT: Okay. That's important because it enables your attorney to – to check and see if – if some of the things that are being said or reported are accurate or if - - or what kind of evidence the State may have, really to convince the jury of your guilt.

Now, what I expect to happen is that you have discussed with your attorney the evidence that the State has. And if you've done that, if your attorney has talked to you about what kind of evidence the State has, raise your right hand.

[Mancia] hand raised.

THE COURT: Okay. I expect your attorney to have explained to you what the State would have to prove in . . . your case[] on each charge to - - to enable the jury to convict you or find you guilty.

I'm going to say this again. I expect in . . . your case[] that your attorney has explained to you what facts a jury must have in order to find you guilty. And your attorney has done that, raise your right hand.

[Mancia] hand raised.

THE COURT: Okay. And I expect your attorney to have explained to you what the minimum and maximum penalties are in the event you're found guilty of any and all of these charges. And if your attorney has done that, raise your right hand.

[Mancia] hand raised.

THE COURT: Okay. After you have found out what you're charged with, what the State has to prove for you to be found guilty, what evidence the State has in order to prove its case against you and what the penalties are, after you have all of that, then you can make a decision on whether or not you should plead guilty, and you need to have all of that in order to make that decision.

Do you have all of that Mr. Mancia?

DEFENDANT MANCIA:     Yes, sir.

Here, the record demonstrates that Mancia understood the proceedings. Further, as noted in point three, although defense counsel had secured an interpreter, the record demonstrates that Mancia understood the proceedings and did not request the use of the interpreter. Mancia's allegation does not affect the voluntary and intelligent nature of his plea. Pursuant to *Strickland*, Mancia must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial. "To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has [pleaded] guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have so pleaded and would have insisted on going to trial. *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999) (per curiam) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985))." *Olivarez*, 2012 Ark. 24, at 4. Mancia has failed to meet this burden and we affirm the circuit court.

### G. Defense Counsel was Ineffective for Failing to Ensure that a Translator was Present at Every Hearing Where Mancia Could Fully Understand the Proceedings

Seventh, Mancia's argument is the same argument addressed regarding the translator in points three and six above regarding the translator. For those same reasons, we reject Mancia's seventh argument and find no clear error in the circuit court's decision to deny relief on his claim.

SLIP OPINION

### H. Defense Counsel Was Ineffective for Failing to Inform Mancia
### That Mancia Would Not Have the Right to
### a Direct Appeal from His Guilty Plea

Eighth, Mancia asserts that the circuit court erred in denying his claim of ineffective assistance of counsel regarding his claim that defense counsel was ineffective because the circuit court did not advise Mancia that he was giving up his right to appeal by pleading guilty. Mancia asserts that the circuit court's handling of Mancia's plea hearing was confusing and the "explanation process was . . . slick . . . and seemingly designed to elicit a waiver from Mancia without him even knowing he had done so." Mancia also contends that the record does not demonstrate that Mancia made a knowing, intelligent or voluntary decision to waive his right to appeal and urges this court to reverse and remand the matter for an evidentiary hearing to further develop this claim.

The State responds that Mancia does not assert that he would have insisted on going to trial had he been informed. Further, the State responds that Rule 24 of the Arkansas Rules of Criminal Procedure does not require the court to inform the defendant that he is giving up his right to a direct appeal; thus, the circuit court did not err in denying his claim.

In its February 7, 2011 order denying Mancia's Rule 37.1 petition, the circuit court held:

> Petitioner's allegation that his attorney was ineffective because he failed to advise Petitioner of appellate process is ineligible for relief under Rule 37. As with the previous allegations, the court transcript demonstrates that Petitioner was advised that his plea of guilty would constitute a waiver of his right to appeal. (Tr. pages 12- 13). Since Petitioner knew this before he entered his plea of guilty, this allegation does not affect the voluntary and intelligent nature of Petitioner's plea. Therefore, this allegation is denied and no hearing on it is required.

The record demonstrates that the circuit court informed Mancia of his appellate rights:

THE COURT: If you're found guilty you have an absolute right in Arkansas to appeal to a higher court; and if you cannot afford the cost of an appeal, then a free appeal will be provided to you.

A free appeal includes a verbatim, word-for-word, account, transcript, of your trial, and a transcript of your trial is necessary to enable you to appeal and they cost money. If you are indigent, can't afford it, then a free transcript would be provided to you to enable you to appeal. Also the assistance of legal counsel would be provided to you to enable you to appeal.

*Now, if you understand these rights, raise your right hand.*

*[Mancia] hand raised.*

. . . .

THE COURT: *If you've made a decision of your own will to give up these rights and plead guilty, raise your right hand.*

*[Mancia] hand raised.*

(Emphasis added.)

Accordingly, the record demonstrates that Mancia was informed of his appellate rights. Mancia has made conclusory allegations with no factual support, and the record does not support his argument. Therefore, we affirm the circuit court.

## II. *The Circuit Court Erred in Not Holding an Evidentiary Hearing*

In addition to his eight claims of error regarding his ineffective assistance of counsel claims, Mancia asserts that the circuit court also erred by not holding an evidentiary hearing on his claims. Pursuant to Arkansas Rule of Criminal Procedure 37.3(a) (2011), the circuit

SLIP OPINION

court has the discretion to deny relief without a hearing. Stated differently, "the circuit court need not hold an evidentiary hearing where it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit." *Bienemy v. State*, 2011 Ark. 320, at 5.

Here, the files and record of Mancia's case conclusively show that Mancia is not entitled to relief. The circuit court reviewed the pleadings and transcripts in denying Mancia's petition for postconviction relief. In doing so, the circuit court outlined Mancia's claims and the reasons for its denial of those claims and cited to specific points in the record and ultimately held: "Pursuant to Ark. R. Cr. P . Rule 37.3 (a), the files and records of the case conclusively show that Petitioner is entitled to no relief. A hearing is not required." Thus, we conclude that the circuit court's written findings complied with Rule 37.3 and the circuit court applied the correct standard, that the files and record of Mancia's case conclusively show that Mancia is entitled to no relief. Accordingly, we affirm the circuit court's denial of Mancia's request for postconviction relief.

We hold that the allegations in Mancia's appeal are such that it is conclusive on the face of the petition that no relief is warranted. As discussed at length above, many of Mancia's arguments are unsupported by evidence or authority, and are conclusive in nature. Therefore, we affirm the circuit court's denial of relief without an evidentiary hearing.

III. *Pursuant to* Martinez v. Ryan, *132 S. Ct. 1309 (2012)* and
Trevino v. Thaler, *133 S.Ct. 1911 (2013)*: *Mancia is Entitled to a Remand
and a New Rule 37 Proceeding Because His Previous Rule 37 Counsel Rendered
Ineffective Assistance of Counsel and He is Entitled to Appointment of New Counsel*

For his final and alternative point on appeal, Mancia asserts that, pursuant to *Martinez*

and *Trevino,* he is entitled to a remand of his Rule 37 case to the circuit court for renewed proceedings on the ground that he received ineffective assistance of post–conviction counsel. Additionally, Mancia asserts that his case compels the appointment of counsel. The State responds that *Martinez* and *Trevino* are not applicable to Mancia's case and this court has rejected the argument that *Martinez* and *Trevino* require appointment of counsel. In *Watson v. State*, 2014 Ark. 203, at 11, 444 S.W.3d 835, 843, we explained:

> In March 2012, the United States Supreme Court decided *Martinez*, holding in part that "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial." *Martinez,* 132 S.Ct. at 1318. In other words, where state law bars a defendant from raising claims of ineffective assistance of trial counsel on direct appeal, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.*, 132 S.Ct. at 1320; *see also Dansby v. Norris,* 682 F.3d 711, 729 (8th Cir.), adhered to on denial of reh'g sub nom. *Dansby v. Hobbs*, 691 F.3d 934 (8th Cir. 2012). In 2013, the Supreme Court revisited the procedural-default issue in *Trevino* and stated that the *Martinez* Court had read the previous decision in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)"as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial–review collateral proceeding." *Trevino*, ___ U.S. at ___, 133 S. Ct. at 1918 (alteration in original) (citing *Martinez*, ___ U.S. at ___, 132 S. Ct. at 1318–19, 1320–21). In *Paige v. State*, 2013 Ark. 432 (per curiam), this court briefly discussed the holdings of *Martinez* and *Trevino* and commented that neither decision dictates that counsel must be appointed on appeal in a postconviction proceeding. Be that as it may, the issue Watson raises on appeal was not presented to the circuit court. In his petition for postconviction relief, Watson made a general request for the appointment of counsel. However, he did not argue, as he does on appeal, that the appointment of counsel was required under the *Martinez* decision. As we have stated, we do not

consider issues that are raised for the first time on appeal. *Tornavacca v. State*, 2012 Ark. 224, 408 S.W.3d 727.

Although we note that Mancia asserts that he did not present and could not have presented, his argument in his Rule 37.1 petition because *Martinez* was not decided until the following year, he claims that his claim falls within one of the *Wicks* exceptions. *See Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Specifically, he asserts that "defense counsel [had] no knowledge of the error and hence no opportunity to object" because *Martinez* was not handed down until after Mancia's Rule 37.1 proceedings below had been concluded. Even if Mancia had preserved this argument, we have held that this does not "dictate that counsel must be appointed on appeal in a postconviction proceeding." Accordingly, we deny Mancia's request for appointment of counsel and his request to remand for a new hearing.

Affirmed.

*Dana A. Reece*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., and *Brad Newman*, Ass't Att'y Gen., for appellee.