SLIP OPINION

Cite as 2016 Ark. 85

# SUPREME COURT OF ARKANSAS.
### No. CR–15–542

| | | |
|---|---|---|
| DANIEL PEDRAZA | | **Opinion Delivered** March 3, 2016 |
| | APPELLANT | |
| V. | | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-12-37] |
| STATE OF ARKANSAS | | HONORABLE SAM POPE, JUDGE |
| | APPELLEE | <u>AFFIRMED</u>. |

**PER CURIAM**

In 2013, appellant Daniel Pedraza entered a plea of guilty to first-degree murder in the death of his two-year-old stepdaughter. He elected to be sentenced by a jury. The jury was instructed that the range of sentencing for the offense was ten to forty years or life, and a sentence of life imprisonment was imposed. Pedraza appealed from the sentence, and this court affirmed. *Pedraza v. State*, 2014 Ark. 298, 438 S.W.3d 226.

In 2014, Pedraza timely filed in the trial court a pro se verified petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013) seeking to vacate the judgment on the grounds that he was denied effective assistance of counsel. The petition was dismissed, and Pedraza brings this appeal.

Our standard of review in Rule 37.1 proceedings is that, on appeal from a trial court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Wood v. State*, 2015 Ark. 477, ___ S.W.3d ___. A finding is clearly erroneous when, although there

is evidence to support it, the appellate court, after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

When considering an appeal from a trial court's denial of a Rule 37.1 petition on the grounds of ineffective assistance of counsel, the question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Wood*, 2015 Ark. 477, ___ S.W.3d ___; *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783.

The rule for evaluating ineffective-assistance-of-counsel claims in cases involving guilty pleas appears in *Hill v. Lockhart*, 474 U.S. 52 (1985). In *Hill*, the Supreme Court held that the "cause and prejudice" test of *Strickland* applied to challenges to guilty pleas based on ineffective assistance of counsel. The Court further held that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. An appellant who has entered a guilty plea normally will have considerable difficulty in proving any prejudice, as the plea rests upon an admission in open court that the appellant did the act charged. *Wood*, 2015 Ark. 477, ___ S.W.3d ___. Further, a petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1.

We first note that in his brief on appeal, Pedraza has reworded the claims raised below to construct virtually new claims and has bolstered some of the allegations raised in the Rule 37.1 petition by adding information. On appeal, we review only those specific claims before the trial court. *McLaughlin v. State*, 2015 Ark. 335 (per curiam). Furthermore, we do not consider factual substantiation added to bolster allegations made below. *Id*.

Pedraza first argues in this appeal that the trial court erred in its denial of his claim that counsel failed to conduct an adequate investigation of the case and obtain medical evidence to refute the medical evidence presented by the State as to the cause of the victim's death. In a related allegation, Pedraza contends that counsel failed to spend enough time with him to discuss trial strategy and the overall theory of the defense. He asserts that, had counsel spent greater time with him, valuable defenses, such as his mental dysfunction, would have been discovered. Pedraza did not contend in his Rule 37.1 petition that, but for counsel's failure to spend more time with him or to investigate further, he would not have entered a plea of guilty, and he did not contend that there was any specific information that could have been uncovered by more time spent with him or with a more extensive investigation by counsel.

To prevail on a claim of ineffective assistance of counsel for failure to investigate, the petitioner must allege some direct correlation between counsel's deficient performance and the decision to enter the plea, or the petitioner is procedurally barred from postconviction relief. *Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. Conclusory statements to that effect, without an alleged factual basis, do not suffice. *Id*. As Pedraza did not offer any

specific information that could been discovered that would have changed his decision to enter his plea, he did not show that counsel made any error. *See Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508.

Pedraza also argued that counsel failed to present mitigation evidence such as the testimony of his mother, his sister Lillian, and a close friend who could have testified about "early childhood standards, relationship with higher powers, a non–violent person, military background, academic achievements." Counsel's failure to present available mitigation witnesses in the sentencing proceeding in a criminal case can constitute ineffective assistance of counsel. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895. The petitioner, however, must do more than state that there were additional witnesses who could have offered testimony in mitigation; he must establish that counsel's conduct was deficient. *See id.*

Here, counsel for Pedraza called several witnesses in mitigation, including two men who had served with Pedraza in the military and testified about his military service and their friendship. One of the men was a staff sergeant, who testified that he had served with Pedraza in Iraq and that Pedraza was a good, reliable soldier who had earned commendations for his service. Evidence of the commendations was admitted into evidence by the defense. The other man testified that he and Pedraza had come under enemy fire and gone on more than two hundred missions that were stressful and frightening.

The defense also called a part-time police officer who had been Pedraza's neighbor. The witness testified that Pedraza was a good person who had worked well with the neighborhood children and had earned his respect.

A priest testified about his service as Pedraza's pastor and Pedraza's involvement with the church in activities such as delivering food to people in the community. The priest gave his opinion that Pedraza was "very much esteemed" in his Christian faith.

Two of Pedraza's sisters testified at length as to the deplorable living conditions of the family when Pedraza was a child; illnesses the family suffered from drinking unsanitary water; the lack of money, food, clothing, and medical care; his developmental delays as a child; and his gentle nature and love of children. One sister described Pedraza's crying as he recounted his experiences in the military and displayed to the jury drawings done by Pedraza depicting religious and patriotic themes. She also described how Pedraza had threatened to commit suicide.

Pedraza did not establish in his Rule 37.1 petition that either his mother, his sister Lillian, or the family friend could have added any significant information to the testimony of the witnesses called by the defense in mitigation that would have affected the jury's decision that a sentence of life imprisonment was appropriate. Because Pedraza failed to present specific evidence to demonstrate that prejudice arose and to demonstrate a reasonable probability that the information uncovered with further investigation would have changed the outcome of the proceeding, the trial court did not err in denying the relief sought.

Pedraza next argues that the trial court erred when it ruled that counsel was not ineffective when counsel waived prejudicial errors for appeal and when it ruled that his guilty plea was not coerced by counsel. Within this allegation, Pedraza also contends that counsel

erred in not objecting to the jury being sworn for the sentencing proceeding without further voir dire. We find no error.

As we noted on appeal from the sentencing proceeding, the jury was selected in Pedraza's case, but it had not been sworn at the time the State and Pedraza reached the plea agreement. In the agreement, the State agreed to waive the death penalty and reduce the charge to first-degree murder, and Pedraza agreed to plead guilty to that charge and be sentenced by the jury. Pedraza also agreed to waive any errors that may have occurred prior to his plea. When the jury next appeared for the sentencing proceeding, counsel for Pedraza sought to ask, or have the trial court ask, additional questions concerning their reaction to Pedraza's change in plea. The trial court denied the request, and counsel proffered the questions it would have asked of the jury. The jury was sworn and ultimately determined that Pedraza should be sentenced to life imprisonment. Pedraza argued on appeal that the trial court had committed certain constitutional errors and abused its discretion in denying his request to conduct additional voir dire of the jury. We held that the trial court did not abuse its discretion in refusing to allow additional voir dire and that there was no violation of Pedraza's right to due process and an impartial jury. *Pedraza*, 2014 Ark. 298, at 7, 438 S.W.3d at 230. Because counsel did raise the issue concerning additional voir dire of the jury, Pedraza did not show that counsel was ineffective.

As to Pedraza's allegation that counsel was ineffective for waiving all issues raised prior to the plea of guilty, the claim in the petition was entirely conclusory. That is, he did not contend that a specific meritorious issue had been waived, and he did not explain how

SLIP OPINION

counsel's conduct in agreeing to waive the issues coerced him to plead guilty. A petitioner in a Rule 37.1 proceeding must do more than make a conclusory allegation unsupported by facts. *Mancia*, 2015 Ark. 115, 459 S.W.3d 259. An allegation that prejudice was suffered without any factual explanation about what form the prejudice took or how serious it was is not enough to prove ineffective assistance of counsel. *Id*.

Pedraza also argued in his petition that counsel coerced him to enter the plea by assuring Pedraza that he would likely obtain a new trial or a lesser sentence on retrial. The argument was unclear in that it was the jury's task to determine the appropriate sentence within the range of sentencing for the offense to which Pedraza had pleaded guilty. There was no provision by which the jury would grant a sentence less than the minimum sentence within the range or order a new trial. Pedraza did not offer facts to demonstrate that his plea was coerced.

Pedraza further alleged in his Rule 37.1 petition that he was prejudiced when the State inquired of a witness who testified in mitigation how many children Pedraza would have to kill before the witness changed his opinion of him. If Pedraza intended the allegation to be a claim of ineffective assistance of counsel, counsel objected at the time the question was asked. Pedraza did not contend that there was any further action that counsel should have taken, and thus he did not establish that counsel was ineffective

Finally, Pedraza contends that the trial court's order should be reversed because he has established that the errors made by counsel, when considered cumulatively, establish that he was denied effective assistance of counsel. It is well settled that this court does not

recognize the concept of cumulative error in Rule 37.1 proceedings when assessing whether a petitioner was afforded effective assistance of counsel. *State v. Hardin*, 347 Ark. 62, 60 S.W.3d 397 (2001) (holding that it was reversible error for the trial court to consider cumulative error in assessing claims of ineffective assistance of counsel).

Affirmed.

*Daniel Pedraza*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.