Karen R. Baker, Justice, concurring. Unlike the majority, I do not base any part of my opinion on the circuit court’s finding that counsel’s actions were a matter of trial strategy. Strategic decisions must be supported by reasonable professional judgment. See Stiggers v. State, 2014 Ark. 184, 433 S.W.3d 252. In this case, because there was no hearing/ the circuit court had no-way to determine whether counsel’s actions were based on reasonable professional judgement. Nevertheless, I would affirm the circuit court employing a different analysis. First, with regard to Van Winkle’s claim that his "counsel was ' ineffective for not seeking a change of venue, in his petition, Van Winkle asserted that the press coverage “would have made potential jurors form a biased opinion before trial” and Van Winkle “easily could have presented affidavits from numerous electors and citizens ... setting out facts making a prima 11Rfacie case that defendant could not have received a fair trial.” Despite these allegations in his petition, Van Wmkle makes bare allegations without factual substantiation to support his venue claim. “Bare assertions of ineffectiveness are 'not enough and conclusory statements that counsel was ineffective will not sustam a Rule 37 petition. Anderson v. State, 2011 Ark. 488, at 5, 385 S.W.3d 783.” Manda v. State, 2015 Ark. 115, at 15, 459 S.W.3d 259, 269. Here, Van Winkle has failed to allege that he was prejudiced, or that the jury that heard his ease was biased and not impartial. Second, I agree with the majority that Van Winkle’s structural-error argument as to the jury instruction concerning the firearm enhancement is not preserved for review. A freestanding constitutional claim, even if based upon the same trial error as an meffective-assistance-of-counsel claim, must be raised in the circuit court and preserved for review. Id., see Norris v. State, 2013 Ark. 205, at 5, 427 S.W.3d 626, 632; Beshears v. State, 340 Ark. 70, 73, 8 S.W.3d 32, 34 (2000). In sum,' because Van Wmkle has offered nothing other than conclusory allegations that counsel was deficient for failing to seek a change of venue and has not alleged that he was prejudiced, and because Van Wmkle failed to preserve his structural-error argument regarding the jury instruction, I concur with the majority and would affirm the circuit court.