SLIP OPINION

Cite as 2017 Ark. 15

# SUPREME COURT OF ARKANSAS.
No. CR-16-579

| | |
|---|---|
| MICHAEL EDWARD HANSLER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br><br>APPELLEE | **Opinion Delivered** January 26, 2017<br><br>PRO SE APPEAL FROM THE POPE COUNTY CIRCUIT COURT AND MOTION FOR DEFAULT JUDGMENT [58CR–15–516]<br><br>HONORABLE WILLIAM M. PEARSON, JUDGE<br><br>AFFIRMED; MOTION MOOT. |

**PER CURIAM**

On January 20, 2016, judgment was entered in the Pope County Circuit Court reflecting that Michael Edward Hansler had entered a negotiated plea of nolo contendere to rape for which a sentence of 180 months' imprisonment was imposed. On April 11, 2016, Hansler filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2016) seeking to have the judgment vacated on the ground that he was not afforded effective assistance of counsel. The trial court denied the relief sought, and Hansler brings this appeal. Hansler has filed a motion for a "default judgment" on the grounds that the appellee State was improperly granted extensions of time to file its brief and that he was entitled to appointment of counsel in the Rule 37.1 proceeding and is entitled to an attorney to represent him on appeal.an attorney to represent him on appeal.

SLIP OPINION

We affirm the trial court's order denying the Rule 37.1 petition. The motion seeking a default judgment and appointment of counsel is moot. The Rule 37.1 petition filed in the trial court was devoid of facts to support his claims of ineffective assistance of counsel. Conclusory statements cannot be the basis for postconviction relief, *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783, and this court will affirm the denial of relief unless the trial court's findings are clearly erroneous. *Beavers v. State*, 2016 Ark. 277, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

When a plea of guilty or nolo contendere is entered, the sole issue in postconviction proceedings is whether the plea was intelligently and voluntarily entered on advice from competent counsel. *See Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. In his petition, Hansler raised the following allegations of ineffective assistance of counsel: (1) counsel did not listen to his protestations that he was innocent of the offense charged and seemed determined to focus on securing a favorable plea offer from the State; (2) counsel failed to investigate the case: (3) counsel failed to provide him with all the evidence so that he could determine who the trial witnesses would be and what evidence had been obtained by the authorities; (4) counsel was prejudiced against Hansler because Hansler is a Wiccan and counsel advised him that the jury would consist of Christians who would be biased against him.

It first should be noted that Hansler in his brief in this appeal enlarges on and embellishes the allegations contained in his Rule 37.1 petition. This court will not consider the new material contained in the brief. We do not address new arguments raised for the

SLIP OPINION

first time on appeal or consider factual substantiation added to bolster the allegations made below. *Thornton v. State*, 2014 Ark. 113 (per curiam). When reviewing the trial court's ruling on a Rule 37.1 petition, the appellant is limited to the scope and nature of the arguments that he made below that were considered by the trial court in rendering its ruling. *Pedraza v. State*, 2016 Ark. 85, 485 S.W.3d 686 (per curiam).

With respect to Hansler's assertions that counsel failed to investigate his case, did not discuss the evidence with him, and focused on obtaining a favorable plea bargain, the claims were not supported by facts to show that Hansler was prejudiced by counsel's conduct. To prevail on a claim of ineffective assistance of counsel for failure to investigate or discuss evidence with the petitioner, the petitioner must allege some direct correlation between counsel's deficient performance and the decision to enter the plea, or the petitioner is procedurally barred from postconviction relief. *See Mancia*, 2015 Ark. 115, 459 S.W.3d 259. Statements without an alleged factual basis do not suffice. *Pedraza*, 2016 Ark. 85, at 3–4, 485 S.W.3d 686, 690. Hansler did not state any specific information that could have been discovered with more investigation, could have been brought out if counsel had discussed the evidence with him more thoroughly, or not focused on plea bargaining such that his decision to enter a plea would have been changed. Accordingly, he did not show that counsel made any error. *See Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508.

Likewise, neither Hansler's conclusory claim that counsel was prejudiced against him because of his Wiccan religion nor Hansler's statement that counsel advised him of the possibility that a jury might be, or would be, biased against him because of his religion demonstrated that counsel was incompetent under the *Strickland* standard. Hansler offered

no facts to establish that any alleged bias or advice counsel might have given him concerning the possible religious prejudice of the jury rendered his plea involuntary. By not delineating the actual prejudice that arose from counsel's conduct, he failed entirely to show that there was a direct correlation between counsel's deficient behavior and his decision to enter the plea. *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 100.

Finally, Hansler states in his brief that he is "appealing the fact that Judge Pearson denied my Rule 37 petition without a hearing." Pursuant to Rule 37.3(a), the trial court has the discretion to deny relief under the Rule without a hearing. *Sims v. State*, 2015 Ark. 363, at 16, 472 S.W.3d 107, 118. The trial court need not hold an evidentiary hearing where it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit." *Bienemy v. State*, 2011 Ark. 320 (per curiam). Because Hansler's petition lacked factual support for the claims it contained, we cannot say that the files and records of the case and the petition itself did not conclusively show that Hansler's allegations of ineffective assistance of counsel were not well taken. Therefore, the trial court did not err in denying the petition without a hearing. *See Robinson v. State*, 2014 Ark. 310, 439 S.W.3d 32 (per curiam) (This court may affirm the denial of a Rule 37.1 petition, regardless of the adequacy of the order, when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted.).

Affirmed; motion moot.

*Michael Edward Hansler*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.