William F. BRENTS *v.* STATE of Arkansas

CR 85-29                                    686 S.W.2d 395

Supreme Court of Arkansas
Opinion delivered March 11, 1985

*Felver A. Rowell, Jr.,* for appellant.

No response.

PER CURIAM. Petitioner William F. Brents was found guilty by a jury of theft by receiving and sentenced to a term of 20 years imprisonment and a fine of $10,000. The Court of Appeals affirmed. *Brents* v. *State,* CACR 82-5 (June 20, 1984). Petitioner seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37 on the ground that his counsel was ineffective at trial and on appeal.

In 1982 the Court of Appeals reinvested the trial court with jurisdiction to reconstruct and settle the trial record. After both the petitioner and the state made corrections in the record, the trial court entered a final order settling the record. Petitioner alleges that counsel was incompetent in that he failed to object to the order, but he has neither stated a basis for an objection nor demonstrated that counsel's conduct impeded appellate review of the trial. Factual support and some showing of actual prejudice must underlie an allegation of ineffective assistance of counsel before this Court will grant postconviction relief. *Strickland* v. *Washington*, ___U.S. ___, 104 S. Ct. 2052 (1984). Also, the issue of the completeness of the record was raised on appeal despite the lack of an objection to the final order, and the appellate court found no error. The question cannot be raised again under the guise of a claim of ineffective assistance of counsel. *See Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984).

Petitioner next asserts that the appellate court opinion sets out the shortcomings of counsel and is evidence of his ineffectiveness. We have held that all grounds for postconviction relief and factual support for such grounds must be contained in the petition itself. *Neal* v. *State*, 270 Ark. 442, 605 S.W.2d 421 (1980). Since petitioner is contending that counsel's representation on appeal was inadequate, however, the opinion will be considered at least insofar as it pertains to that issue.

Petitioner argued on appeal that certain evidence was improperly admitted into evidence. The court affirmed on the point pursuant to Rule 9(e)(2) of the Rules of the Supreme Court and Court of Appeals because it found that "appellant has failed to clearly frame the evidentiary issue which he apparently contends represents reversible error." Petitioner states that the evidentiary issues which were not fully developed in counsel's brief were the questions of whether petitioner was held in custody without an arrest warrant, whether there was probable cause for his arrest and the concomitant question of whether evidence obtained as a result of the arrest was admissible. Petitioner specifically cites as error admission into evidence of money in the

possession of petitioner's wife but he fails entirely to explain how this was the fruit of an illegal arrest or state the basis for a claim of error on any other ground.

It is not clear whether petitioner is contending in regard to these evidentiary questions that counsel's conduct at trial was in some unspecified way inadequate or whether he is arguing that counsel's failure to raise the issues properly on appeal constituted incompetence. In either case, we do not find grounds for postconviction relief in this petition.

First, petitioner would not be entitled to a new trial in the event the arrest was found illegal. A flaw in the manner of arrest is not sufficient cause to set aside a judgment of conviction. *Singleton* v. *State,* 256 Ark. 756, 510 S.W.2d 283 (1974). Secondly, the record indicates that various evidence was introduced which was obtained sometime after petitioner's arrest, but petitioner does not say which particular evidence was inadmissible as a result of the arrest. In any event, petitioner was not arrested until it was learned that six one-hundred dollar bills taken in the robbery could be traced directly to him.

An examination of the record and briefs in this case, paticularly the State's brief, indicates that the appellant may well have made the only arguments he could make with regard to the evidence. The fact that he was unable to prevail on them in the appellate court is not in itself evidence that counsel was ineffective. Success at trial or on appeal is not the criterion for gauging effective assistance of counsel. *See Fink* v. *State,* 280 Ark. 281, 658 S.W.2d 359 (1983). It is a matter of pure speculation and hindsight at this point whether counsel did everything he could at the appellate level to obtain a favorable decision.

Petition denied.