The circuit court ruled that Osburn failed to meet his burden of proving that Wyatt's conduct fell below an objective standard of reasonableness on this issue. The circuit court found that Osburn's speedy-trial claim was waived because, generally, a guilty plea operates as a waiver of the argument. The circuit court also found that after the Arkansas Supreme Court's September 14, 2009 mandate, the record revealed numerous "defense motions and tactics" that delayed the case.
Generally, a defendant waives his or her right to a speedy trial when he or she later pleads guilty. Hall v. State , 281 Ark. 282, 284, 663 S.W.2d 926, 927 (1984) (citing Ark. R. Crim. P. 30.2 ). However, a waiver of the right to a speedy trial does not operate, as a matter of law, as a waiver of the right to effective assistance of counsel. Id. , 663 S.W.2d at 927. The constitutional right to effective assistance of counsel at the time of entering a plea of guilt is not vitiated by Rule 30.2. Id. , 663 S.W.2d at 927.
Pursuant to the Arkansas speedy-trial rule, any defendant charged with an offense and incarcerated pursuant to conviction of another offense shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3. Ark. R. Crim. P. 28.1(b) (2017).
The speedy-trial time in the instant case began to run on March 1, 2010, the date of the supreme court's mandate.[2] Ark. R. Crim. P. 28.2(e). Therefore, when Osburn pled guilty on June 18, 2014, he was well outside the twelve-month speedy-trial period, and he presented a prima *264 facie case that his right to a speedy trial had been violated. Once an appellant presents a prima facie case of a speedy-trial violation, the burden shifts to the State to show that the delay is the result of the appellant's conduct or otherwise legally justified. Clements v. State , 312 Ark. 528, 532, 851 S.W.2d 422, 424 (1993).
The record reflects that the time period from March 1, 2010, to October 24, 2010-a total of 237 days-is included in the speedy-trial period. However, the record further reflects that the time from October 25, 2010, to August 7, 2014, was excluded from the speedy-trial calculation. Orders were entered granting defense-requested continuances and excluding the following time periods: October 25, 2010, to February 3, 2011; February 3, 2011, to December 2, 2011; December 2, 2011, to September 19, 2012; September 19, 2012, to April 9, 2013; April 9, 2013, to August 22, 2013; and August 22, 2013, to August 7, 2014.[3] Continuances requested by a defendant or his counsel are excluded from speedy-trial calculation. Ark. R. Crim. P. 28.3(c).
When Osburn pled guilty on June 18, 2014, only 237 days since the mandate had been applied to the speedy-trial period, and he was well within the 365-day speedy-trial time required by the rule. The rest of the time is attributable to requests for continuances by the defense, and orders were entered excluding that time from the speedy-trial calculation. Therefore, if Wyatt had moved for a dismissal, the circuit court would have used the above calculations and found that no speedy-trial violation occurred. Because a motion to dismiss would have been denied, Osburn has failed to show that Wyatt's conduct fell below an objective standard of reasonableness in not moving to dismiss on this basis. Accordingly, we affirm the circuit court's denial of relief on this point.
In sum, we hold that the circuit court's decision is affirmed. Osburn is entitled to no postconviction relief.
Affirmed.
Abramson and Hixson, JJ., agree.

In the instant case, the circuit court found that the mandate was issued on September 14, 2009; however, that mandate was recalled. A subsequent mandate was issued on March 1, 2010.

From October 25, 2010, to August 7, 2014, the defense filed motions for independent DNA testing, to prohibit the State from seeking the death penalty on retrial, to dismiss, and for mental evaluation, which resulted in many extended continuances. For example, the defense's motion to prohibit the death penalty on retrial for capital murder was filed on September 23, 2010, and was denied by the circuit court on January 4, 2011. The defense appealed the issue to the Arkansas Supreme Court, which affirmed on October 6, 2011. Osburn v. State , 2011 Ark. 406, 2011 WL 4635026. The defense's petition for rehearing was denied by the Arkansas Supreme Court on December 1, 2011. Osburn v. State , 2011 Ark. 514, 2011 WL 6003568. The defense filed a petition for a writ of certiorari with United States Supreme Court, which was denied on October 12, 2012. Osburn v. State , 568 U.S. 827, 133 S.Ct. 102, 184 L.Ed.2d 47 (2012).