N. MARK KLAPPENBACH, Judge
Appellant Fred Albert Kauffeld was convicted by a Johnson County jury of second-degree murder, first-degree murder, and residential burglary. Appellant was sentenced to concurrent prison terms of "0 months," twenty-eight years, and five years, respectively. The charges arose from a burglary at the home of Bill Nobles and the death of an auxiliary sheriff's deputy who had responded to the call. Appellant's direct appeal was affirmed by our court in Kauffeld v. State , 2017 Ark. App. 440, 528 S.W.3d 302. Appellant filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37 asserting that (1) his two murder convictions violated double jeopardy and (2) his counsel was ineffective for failing to request a change of venue. The circuit court *351 entered an order denying appellant's petition without conducting an evidentiary hearing. Appellant appeals. The State acknowledges that although it was permitted to try appellant on two alternative theories of murder, only one murder conviction is permissible under the law. We reverse and remand on the double-jeopardy issue, and we affirm as to the venue issue.
We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. Johnson v. State , 2018 Ark. 6, at 2, 534 S.W.3d 143, 146. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. Id.
The benchmark for judging a claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to Strickland , we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance of counsel must show that his counsel's performance fell below an objective standard of reasonableness. Mancia v. State , 2015 Ark. 115, 459 S.W.3d 259. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Osburn v. State , 2018 Ark. App. 97, 538 S.W.3d 258. Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. Id. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Id. Additionally, conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. Id.
Appellant's first argument relates to a double-jeopardy issue. The State presented two theories to support its allegation that Kauffeld committed capital murder. One theory rested on the allegation that he intentionally shot and killed a law enforcement officer acting in the line of duty, and it resulted in the jury's finding of guilt on second-degree murder (count 1). The other theory rested on the allegation that he killed a person in the course of or in immediate flight from residential burglary, and it resulted in the jury's finding of guilt on first-degree murder (count 2). The circuit court received those guilty verdicts and then moved the trial along to the sentencing phase.
The circuit court instructed the jury that "there will be no sentencing instructions or verdict forms provided to you" on second-degree murder because that was an "alternative count" to first-degree murder. The jury was instructed on the possible range of sentencing for first-degree murder and for residential burglary. The jury deliberated and returned a sentence of twenty-eight years for first-degree murder and five years for residential burglary, recommending concurrent sentences. The circuit court accepted those sentences. The sentencing order, however, reflects three convictions and sentences: second-degree murder ("0 months"), first-degree murder (twenty-eight years), and residential burglary (five years).
*352 In his Rule 37 petition, appellant argued to the circuit court that the two murder convictions violate the rule against double jeopardy. Collateral attacks on a judgment are cognizable in a postconviction challenge to determine whether a judgment was void because it violated fundamental constitutional rights. Jackson v. State , 2013 Ark. 19, 2013 WL 298081. Appellant argued that the first-degree murder conviction should be vacated because it was count 2, and thus second in time to second-degree murder in count 1. The State responded that having both convictions on the sentencing order was a violation of the double-jeopardy clause but was merely a clerical error that required correction by eliminating the erroneous conviction and "0" sentence for second-degree murder. The circuit court determined that the jury did not consider multiple punishments for the same homicide, appellant was sentenced only on first-degree murder, and he was not subjected to multiple punishments. The circuit court found that the "entry of '0' months in the sentencing order amounts to a clerical error and shall be corrected by entry of an order Nunc Pro Tunc." No such corrected sentencing order is present in the record before us.
A double-jeopardy argument constitutes an attack on a judgment cognizable in a postconviction challenge because it concerns violation of a fundamental constitutional right. Jackson, supra . A defendant cannot object to a double-jeopardy violation until he has actually been convicted of the multiple offenses, because it is not a violation of the prohibition against double jeopardy for the State to charge and prosecute on multiple and overlapping charges. Brown v. State , 347 Ark. 308, 65 S.W.3d 394 (2001). It is only after the jury returns guilty verdicts on both offenses that the circuit court would be required to determine whether convictions could be entered as to both based on the same conduct. Id. In this case, the circuit court did make that determination, finding that only a single punishment could be entered for committing only one murder.
The disagreement here is as to the proper remedy for the mistake evident on the sentencing order. Appellant argues on appeal that we must vacate the first-degree murder conviction that resulted in the twenty-eight-year sentence and remand for resentencing on the second-degree murder conviction. Appellant provides no supportive or persuasive authority to support his "timing" theory, and he acknowledges that he could not find any such supportive authority. It was obvious to the circuit court, and it is likewise obvious to our court, that the entry of a conviction and sentence on second-degree murder was a mere clerical error.
A true clerical error is one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers. Lewis v. State , 2017 Ark. 211, 521 S.W.3d 466. The State proceeded on two theories of murder, but the jury considered punishment only as to first-degree murder. The jury rendered a sentence only as to first-degree murder, not second-degree murder. We reverse the circuit court's order denying postconviction relief and remand for the circuit court to enter a proper sentencing order that correctly reflects that appellant was convicted of and sentenced for the commission of first-degree murder and residential burglary.
For his second point on appeal, appellant asserts that his trial counsel was ineffective for failing to file a motion seeking a change of venue. He maintains that extensive pretrial publicity prevented him from receiving a fair trial in Johnson County. Specifically, he alleges that there were at least nineteen newspaper articles *353 published, there was repeated television coverage, and there were Facebook posts about this case, which painted the deputy in glowing terms and appellant in negative terms. This extensive pretrial publicity, he argues, tainted the jury pool and deprived him of a fair trial. Appellant contends that he asked his counsel to seek a change of venue, but his counsel replied that "he traded that issue for the State taking the death penalty off the table." Appellant asserts that "Conway or Faulkner counties would have been a more neutral forum." Appellant argues that his counsel was ineffective for failing to request a change of venue, entitling him to a new trial. We disagree.
As a general rule, the decision whether to seek a change of venue is largely a matter of trial strategy and is therefore not an issue to be debated under our postconviction rule. Huls v. State , 301 Ark. 572, 785 S.W.2d 467 (1990). Furthermore, to establish that the failure to seek a change in venue amounted to ineffective assistance of counsel, a petitioner must offer some basis on which to conclude that an impartial jury was not empaneled. Id. Appellant has failed in that regard. A defendant is not entitled to a jury totally ignorant of the facts of a case, and he is not entitled to a perfect trial, only a fair one. Van Winkle v. State , 2016 Ark. 98, 486 S.W.3d 778. Jurors are presumed unbiased, and the burden of demonstrating actual bias is on the petitioner. Huls , supra .
Appellant does not argue that the jury that tried him was not impartial. In fact, the record demonstrates that the circuit court inquired of the potential jurors whether anyone had heard about this case in any form of media or by word of mouth. The circuit court instructed the potential jurors that although they were not expected to be totally ignorant of the alleged facts of the case, they were expected to put that completely aside, give appellant a fair trial, and follow the law as provided in the jury instructions. The potential jurors agreed that they were able to abide that instruction. The record reflects that appellant's counsel also asked the potential jurors about any exposure to pretrial publicity and whether they could give appellant a fair trial based only on the evidence. The jurors who were seated after voir dire were satisfactory to both the State and the defense. There is no evidence that the members of this jury were biased against appellant and unable to hear the evidence impartially. Appellant has failed to carry the burden to establish ineffective assistance of counsel based on the failure to seek a change in venue. See Bell v. State , 324 Ark. 258, 920 S.W.2d 821 (1996) ; Shadwick v. State , 2017 Ark. App. 243, 519 S.W.3d 722.
Reversed and remanded in part; affirmed in part.
Virden and Whiteaker, JJ., agree.