Cite as 2020 Ark. App. 31

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-19-510

| | |
|---|---|
| OLIVER W. HART III<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** January 22, 2020<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NOS. 46CR-03-627, 46CR-02-162, 46CR-02-570]<br><br>HONORABLE KIRK D. JOHNSON, JUDGE<br><br>AFFIRMED |

**RITA W. GRUBER, Chief Judge**

Appellant Oliver W. Hart appeals the Miller County Circuit Court's order denying his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2019). Appellant, appearing pro se, argues three points on appeal: (1) Judge Haltom failed to remedy a conflict of interest in appellant's revocation proceeding; (2) the circuit court erred by failing to find that defense counsel was ineffective for failing to raise several due-process arguments; and (3) the circuit court erred by failing to find that defense counsel was ineffective for failing to raise defenses based on multiple violations of the Interstate Compact for Adult Offender Supervision (ICAOS). We affirm.

Appellant pleaded guilty on April 7, 2009, in three separate cases, all of which involved manufacturing, delivering, or possessing a controlled substance and possession of drug paraphernalia. He was placed on ten years' probation subject to terms and conditions.

In September and October 2014, the State filed petitions for revocation in all three cases, alleging that appellant had committed another drug offense and had failed to pay his fines, fees, and costs. The State filed amended petitions in each case in April 2016, realleging the original allegations and adding that appellant had failed to abstain from the use of alcoholic beverages or had manufactured, possessed, used, sold, or distributed a controlled substance or paraphernalia. On July 19, 2016, the circuit court entered orders revoking appellant's probation in all three cases finding that he had violated all three conditions alleged. His revocations were affirmed on appeal. *See Hart v. State*, 2017 Ark. App. 130, at 1–2.

Appellant filed a timely, verified petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure on October 17, 2017, as well as an amended petition on April 10, 2018.[1] The circuit court entered an order denying relief on February 27, 2019. A timely notice of appeal followed on March 28, 2019. On appeal, appellant argues only three of the grounds raised below. The issues that were argued below, but not in this appeal, are considered abandoned. *Henson v. State*, 2015 Ark. 302, at 1–2, 468 S.W.3d 264, 266.

We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Johnson v. State*, 2018 Ark. 6, at 2, 534 S.W.3d 143, 146. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. *Id.* The circuit court has discretion pursuant to Rule 37.3(a) to decide whether the files or records

---

[1]While appellant did not seek leave to file an amended petition pursuant to Ark. R. Crim. P. 37.2(e), it is apparent from the circuit court's order that it considered the issues contained therein.

are sufficient to sustain the court's findings without a hearing. *Wood v. State*, 2015 Ark. 477, 478 S.W.3d 194. Appellant does not argue error on appeal regarding the circuit court's decision not to hold an evidentiary hearing on his postconviction petition. The manner in which we review claims of ineffective assistance of counsel is well settled:

> "The benchmark for judging a claim of ineffective assistance of counsel must be 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]." *Mancia v. State*, 2015 Ark. 115, at 4, 459 S.W.3d 259, 264 (citing *Henington v. State*, 2012 Ark. 181, at 3–4, 403 S.W.3d 55, 58). Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance of counsel must show that his counsel's performance fell below an objective standard of reasonableness. *Mancia*, 2015 Ark. 115, at 4, 459 S.W.3d at 264. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Osburn v. State*, 2018 Ark. App. 97, 538 S.W.3d 258. Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Id.* The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* Additionally, conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Id.*

*Davis v. State*, 2018 Ark. App. 540, at 2–3, 564 S.W.3d 283, 286 (alteration in original).

Appellant first argues that Judge Haltom violated Canon 2A of the Arkansas Code of Judicial Conduct by his failure to remedy an alleged conflict of interest in the revocation proceeding. The State counters that appellant may not change the grounds for his argument for the first time on appeal, *see Watson v. State*, 2014 Ark. 203, at 7, 444 S.W.3d 835, 841, or alternatively, that the claim is not cognizable in a Rule 37 proceeding. *See, e.g., Moten v. State*, 2013 Ark. 503, at 9.

3

When appellant pleaded guilty to the drug related charges in 2009, Judge Haltom was the chief prosecutor in Miller County. At the time the initial petitions for revocation were filed in September and October 2014, Judge Haltom was the circuit judge who issued the arrest warrants based on the petitions for revocation. On March 1, 2016, appellant's counsel filed a motion for recusal, asking for Judge Haltom to recuse himself because of his status as chief prosecutor at the time of the underlying pleas and sentencing. Judge Haltom recused himself on March 1, 2016, and the case was transferred to another division.

In appellant's initial Rule 37 petition and amended petition, he listed his ground as "counsel was ineffective for failure to remedy conflict of interest" and went on to describe the alleged conflict involving Judge Haltom. There was no further explanation of how counsel was ineffective. The circuit court made no mention of ineffective assistance of counsel in failing to resolve the conflict of interest; the court found there was no conflict of interest in the issuance of the probation-violation warrant just because the original judge assigned to the case may have been a prosecuting attorney when appellant pleaded guilty to the charges for which he was on probation. The court further held that appellant failed to establish prejudice.

Generally speaking, Rule 37 does not provide a remedy when an issue could have been raised at trial or argued on appeal. *State v. Rainer*, 2014 Ark. 306, at 12, 440 S.W.3d 315, 322. Trial errors, including constitutional errors, cannot be raised for the first time in a Rule 37 proceeding. *Id*. at 12, 440 S.W.3d at 322–23. There is, however, an exception to the general rule for errors that are so fundamental as to render the judgment of conviction void and subject to collateral attack. *Id*. (citing *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d

4

904 (2000) (double-jeopardy claim was a fundamental claim that appellant could raise for the first time in Rule 37 proceedings); *Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996) (right to twelve-member jury is such a fundamental right that it could be raised for the first time in a Rule 37 proceeding); *Jeffers v. State*, 301 Ark. 590, 591, 786 S.W.2d 114, 114 (1990) ("A ground sufficient to void a conviction must be one so basic that it renders the judgment a complete nullity, [as,] for example, a judgment obtained in a court lacking jurisdiction to try the accused . . . ."); *Miller v. State*, 239 Ark. 836, 394 S.W.2d 601 (1965) (holding on direct appeal that the prosecuting attorney improperly commented on the defendant's failure to testify and thereby violated defendant's rights); *Swagger v. State*, 227 Ark. 45, 296 S.W.2d 204 (1956) (holding that the trial court's acceptance of a plea of guilty without the defendant having benefit of counsel violated the defendant's rights under the Fourteenth Amendment)).

Any allegation that Judge Haltom had a conflict of interest should have been raised in appellant's direct appeal. Even if we could consider this argument, it is without merit. Prior to his revocation hearing, appellant's counsel asked Judge Haltom to recuse himself, which he did. After the recusal, the newly assigned judge held a preliminary hearing, finding that there was reasonable cause to believe appellant violated the conditions of probation and that the issuance of the probation-violation warrant by Judge Haltom was based on probable cause. Based on these facts, appellant cannot establish prejudice.

Appellant next argues that the circuit court erred by failing to find his counsel ineffective for failing to raise a defense where his due-process rights were violated. He contends that his rights were violated when he was arrested and detained on the probation-

5

violation warrants, by not receiving notice required by the ICAOS, and by not being provided a probable-cause hearing pursuant to the ICAOS.

Some background information is necessary to understand the nature of these allegations. In December 2013, the circuit court granted appellant's request that supervision of his probation be transferred to Texas. Appellant was arrested on August 27, 2014, in Texarkana, Texas, for possession of drug paraphernalia and possession of a controlled substance. His Texas supervisor informed appellant's Arkansas probation officer of the arrest, and the petitions for revocation followed in Arkansas. During a traffic stop, officers arrested appellant on the revocation warrants in Texarkana, Arkansas, on December 20, 2014.

Appellant now contends that his counsel was ineffective for failing to raise alleged violations of the ICAOS and National Crime Information Center (NCIC) rules. Specifically, he cites several alleged violations of ICAOS Rule 5.108, including the arrest warrants being "signed . . . into action without notice to the [NCIC]" and the failure of the "receiving State [to conduct] a probable cause hearing in accordance with . . . Rule 5.108[.]" He states that he did not

> willingly surrender himself to the jurisdiction of Arkansas due to the fact that Texas had no knowledge of the probation violations or the arrest warrants that were submitted in the sending state of Arkansas, rendering applicable the Compact's due process protections under ICAOS Rule 5.108 requiring a probable cause hearing in the receiving State (Texas) prior to the service of the violation of probable warrant in the sending state (Arkansas).

Appellant's Rule 37 petition made the following limited mention of alleged ICAOS and NCIC violations:

> GROUND SIX: Counsel was ineffective for failing to object
> . . . .

6

Counsel failed to object to the violation of the Interstate Compact Clause, Arrest warrants and Petitions to revoke were not submitted into the NCIC system.

GROUND SEVEN: Counsel was ineffective for failure to argue the violation of the Interstate Agreement on Detainers Act

After making the agreement to extradite within 180 days from Texas prison, Arkansas violated the Interstate Agreement on Detainers. Counsel then failed to Remedy the violation of the Interstate Agreement Act.

GROUND EIGHT: Counsel was ineffective for failure to raise a defense

Counsel failed to make a defense regarding the violation of the Interstate Compact. State of Arkansas did not submit warrants into the NCIC system after the petitions to revoke was granted by magistrate judge. Violation of the Interstate Compact Treaty Rules were committed by the State. Counsel failed to make this matter known to court.

The amended petition contained the following allegations:

6) . . . Deficient Counsel failed to object to the violation of the Interstate Compact Clause as well as to the violation report and the arrest warrants that were not submitted in the ICOTS or in the NCIC system.

7) Deficient Counsel failed to make defense regarding violation of the Interstate Compact. Petitions for revocation granted by the Magistrate Judge Brent Haltom but were not submitted in the ICOTS or NCIC System. Deficient Counsel failed to raise this serious matter in Court.

In its order denying relief, the circuit court wrote:

The Defendant also made a second allegation of violation of the interstate compact clause for ineffective assistance of counsel. It is unclear what violation he states allegedly occurred or what counsel did or could have done in regard to such an allegation which is clearly irrelevant as to whether or not he violated the provisions of his probated sentence. There is no specific reference to any facts or law that would cause the court to be able to decipher this allegation as to how it would have been favorable to his case. There is simply no basis to know what the defendant claims is ineffective assistance under the one sentence claim of interstate compact clause. The Court has not been privy as to why or how a violation of any regulation of the interstate compact would have any bearing on the performance of counsel since it would not be relevant to the issues in this case. At least, the defendant has not made a coherent or even a cursory showing how compliance or noncompliance with this act would impact the effectiveness of trial counsel in his representation. Without

7

some fact or argument, the Court is unable to see how this would be a matter that counsel should have raised. The Court does not believe that a failure to raise this issue has been shown to prejudice the defendant or would have changed the outcome of this case. The Court finds that counsel was not ineffective in his defense of the defendant on this issue.

Here, appellant has expanded the arguments made to the circuit court by citing specific rule violations and adding facts in support. Because appellant's argument expands the argument presented to the circuit court, it is not preserved for our review. *Ward v. State*, 2015 Ark. 325, at 8, 469 S.W.3d 350, 355 ("Because an appeal from an order denying a Rule 37.1 petition is the review of the decision made by the trial court based on the petition before it, an appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he cannot raise new arguments on appeal or add factual substantiation to the allegations made below.").

Lastly, appellant argues that his attorneys[2] were ineffective when they failed to raise defenses regarding multiple violations of the ICAOS. On this ground, the circuit court's order provided:

> Allegation #7: The defendant alleges ineffective assistance of counsel for failure to raise a defense regarding the violation of the interstate compact. The Court is assuming defendant means the interstate compact that allows other states probation officers to supervise probationer's of another state. The defendant alleges that there is violation of an Interstate Compact but gives no factual basis at all for that allegation nor does he make an argument as to how this would have impacted the probation violation petition that was filed against him. The Defendant has failed to show any prejudice to him for this unsupported allegation of a violation of the compact. The Court finds that counsel was not deficient in his performance and the allegation of ineffective assistance of counsel is unwarranted.

---

[2]As noted in the circuit court's order denying relief, appellant had four attorneys during the course of his case—Matt Stephens, John Stroud, Bart Craytor, and Darren Anderson.

As with his second point on appeal, appellant greatly expands his argument on appeal claiming factual substantiation and citing specific rule violations. He now suggests that his failure to pay court-ordered obligations was an "oversight" caused by failure to adhere to the ICAOS rules, which appellant alleges should have been raised by defense counsel. As stated previously, we will not consider arguments not raised below. *See Ward*, *supra*.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Oliver W. Hart III*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.