Cite as 2021 Ark. App. 251

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-20-703

| | |
|---|---|
| RODERICK SHOULDERS | **Opinion Delivered:** May 19, 2021 |
| APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-18-72] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CHRIS E WILLIAMS, JUDGE |
| APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Roderick Shoulders appeals from the denial of his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. On appeal, he argues that the circuit court clearly erred in denying his petition. We find no error and affirm.

### I. *Factual and Procedural Background*

Shoulders was charged with trafficking a controlled substance after an Arkansas State Trooper found more than 200 grams of methamphetamine in the trunk of Shoulders's rental car during a traffic stop. Before trial, Shoulders moved to suppress the evidence seized as a result of that stop. The Hot Spring County Circuit Court held a hearing on the motion. At the hearing, the trooper who conducted the stop testified that Shoulders unequivocally consented to the search of his vehicle, while Shoulders testified that he did not consent to the search. The court also viewed a dash-cam video that depicted the traffic stop and contained an audio recording of the conversation between the trooper and Shoulders

regarding his consent to search the vehicle. The court concluded that the trooper's testimony was more credible than Shoulders's, and it denied the motion to suppress. The case proceeded to jury trial, and Shoulders was convicted. He appealed to this court arguing that the circuit court erred in denying his motion to suppress. We affirmed, holding that the circuit court's credibility determination should not be disturbed. *Shoulders v. State*, 2020 Ark. App. 235, 598 S.W.3d 77.

Shoulders subsequently filed a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. In his petition, he raised eight separate allegations of ineffective assistance of counsel. Specifically, Shoulders alleged that counsel (1) failed to file a timely motion to suppress; (2) failed to transcribe the video and audio portions of the dash-cam video; (3) was ineffective "for withdrawal from case and juggling the case to another counsel to do a last minute appeal"; (4) failed to perform pretrial functions; (5) failed to present the dash-cam video to the jury; (6) failed to argue improperly admitted evidence at trial and failed to object to "priors"; (7) presented untimely documents; and (8) allowed the court to "set aside judgment of sentencing order." The State responded arguing generally that Shoulders's claims were conclusory and that he failed to demonstrate that the outcome of his trial would have been different.

The circuit court held a hearing on Shoulders's petition via Webex remote teleconferencing in August 2020. At the conclusion of the hearing, the court found that Shoulders had failed to demonstrate that trial counsel's performance had been deficient and entered a written order denying Rule 37 relief from which Shoulders filed a timely notice

2

of appeal.[1] On appeal, Shoulders has abandoned all but two of the argument raised in his Rule 37 petition. He now argues only that counsel was ineffective for (1) failing to file a timely motion to suppress and (2) failing to have the dash–cam video transcribed.

## II. *Standard of Review*

This court will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Mancia v. State*, 2015 Ark. 115, at 4, 459 S.W.3d 259, 264. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Raupers v. State*, 2018 Ark. App. 401, at 2.

We review a claim of ineffective assistance of counsel under the benchmark set forth in *Strickland v. Washington*, 466 U.S. 668 (1984): whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Mancia, supra.* Under *Strickland*, we assess the effectiveness of counsel using a two-prong standard. First, a petitioner raising a claim of ineffective assistance of counsel must show that his or her counsel's performance fell below an objective standard of reasonableness. *Osburn v. State*, 2018 Ark. App. 97, at 2, 538 S.W.3d 258, 260. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and a petitioner's conclusory statements that counsel was

---

[1]The written order was entered on November 13, 2020. Shoulders filed his notice of appeal on September 14, 2020; however, "[a] notice of appeal filed after the trial court announces a decision but before the entry of the judgment or order shall be treated as filed on the day after the judgment or order is entered." Ark. R. App. P.–Crim. 2(b)(1); *see also Hakim v. State*, 2018 Ark. App. 599.

ineffective cannot be the basis for postconviction relief. *Terrell v. State*, 2021 Ark. App. 179, at 1.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Id.* The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The petitioner must make both showings before a court can conclude that the conviction resulted from a breakdown in the adversarial process that rendered the result unreliable. *Id.*

III. *Discussion*

A. Timeliness of the Motion to Suppress

In his first argument on appeal, Shoulders contends that his trial counsel failed to file a timely, effective motion to suppress, which caused him to go to trial against his wishes. He challenges the circuit court's denial of relief on several fronts: (1) his counsel did not make him aware of the date of the suppression hearing; (2) his counsel was ineffective for not pursuing a motion to suppress sooner, despite his repeated requests to do so; and (3) he was prejudiced by the ineffectiveness of his counsel.

We address first the argument concerning the hearing date and Shoulders's failure to attend. Shoulders argues that counsel failed to advise him of the date of the hearing on the suppression motion, which resulted in his not being present for the hearing. He specifically denies that he knew the date of the January 2, 2019 hearing because he never spoke to his

attorney after December 27, 2018. He further claims that his lack of awareness of the court date affected the outcome of the trial because he "wanted to challenge the prosecution's case in chief before trial" and because he was unable to take advantage of a plea deal once his suppression motion was denied. This argument is without merit.

At the hearing on Shoulders's Rule 37 petition, trial counsel, Louis Loyd, testified that he told Shoulders to be in town on January 2, 2019, for the hearing on the motion to suppress. Shoulders did not show up for the January 2 hearing. The circuit court nonetheless allowed Shoulders to argue the suppression matter on January 4, the morning of trial, despite his failure to appear on January 2. Therefore, Shoulders's lack of knowledge of the hearing date on January 2 is irrelevant, and he has not presented any convincing argument how a two-day delay in the hearing on the motion to suppress—which was caused by his own failure to appear—constituted ineffective assistance of counsel or was prejudicial to him.[2]

We next address the argument of ineffective assistance of counsel for the alleged late filing of the motion to suppress. As just noted, Shoulders's jury trial was scheduled on January 4, 2019. Loyd did not file the suppression motion until December 31, 2018.

At the hearing on Shoulders's Rule 37 petition, Loyd testified about the circumstances surrounding the filing of the suppression motion. Loyd explained that in

---

[2]Shoulders also asserts that the substance of the motion to suppress should be "readdressed," and he reiterates his claim from his direct appeal that he objected to the search. This argument, however, was addressed and disposed of in his direct appeal and therefore is not properly before us. *See Williams v. State*, 369 Ark. 104, 115, 251 S.W.3d 290, 298 (2007) ("Rule 37 does not allow an appellant the opportunity to reargue points that were decided on direct appeal.").

October 2018, the State offered Shoulders ten years in exchange for a guilty plea. Loyd conveyed the State's offer to Shoulders and advised that the plea offer would be withdrawn if Shoulders forced the State into a suppression hearing. On the basis of his conversations with Shoulders, Loyd believed that a negotiated plea would result. On December 22, 2018, however, Shoulders told Loyd that he was not interested in the plea agreement, which resulted in Loyd's filing the motion to suppress on December 31.[3]

The circuit court denied relief on this issue, writing in its order denying Shoulders's Rule 37 petition that Shoulders had failed to provide

> either facts or argument regarding how having an earlier-filed suppression motion would have changed the outcome. The court ruled that the search that discovered the drugs in his car was the result of voluntary consent given by Mr. Shoulders. That would have been the ruling regardless of the date the suppression motion was filed. Relief is denied on this claim.

The circuit court thus found that its ruling on the motion to suppress would have been the same regardless of when the motion had been filed, and Shoulders does not suggest how the outcome would have been different if the motion had been filed at any earlier date. *Troutt v. State*, 292 Ark. 192, 196, 729 S.W.2d 139, 141 (1987) ("The purpose of Rule 37 is not to debate the possible effect of counsel's conduct but to provide a remedy when a petitioner has suffered actual prejudice."(citing *Brents v. State*, 285 Ark. 199, 686 S.W.2d 395 (1985))).

---

[3]On January 2, Loyd appeared for the suppression hearing and explained the reason for the late filing of the suppression motion. He advised the court that "up until last week" he had been under the impression that Shoulders had intended to accept the ten–year plea offer; however, the Friday before the hearing, Shoulders advised Loyd that he was not willing to accept a ten–year plea agreement, at which point Loyd went forward with filing the motion to suppress.

"The burden is on the petitioner to provide facts to support his claims of prejudice." *Id.* (citing *Jones v. State*, 283 Ark. 363, 767 S.W.2d 738 (1984)).

We now address the argument that Shoulders was prejudiced by the "late" filing of the motion to suppress because he "was not able to take a plea due to an adverse ruling or conditional plea" and was "pressured into making decisions quickly." As previously discussed, trial counsel Loyd testified that in his experience, if the State were forced to defend a motion to suppress and then won, "then the plea offers are withdrawn and you go to trial." Loyd communicated this to Shoulders and believed that a negotiated plea would follow. When Shoulders asked him at the Rule 37 hearing why he had not filed the motion earlier, Loyd replied, "[E]ven if we'd had a motion-to-suppress hearing in October, I was told that any plea offer would be off the table and that you would go to a jury trial if the judge ruled in the prosecutor's favor on the issue of suppression." Loyd also noted that he and the State tried to put together another offer the morning of trial that the court would accept, but when Shoulders arrived for trial, he continued to reject the plea agreement.

We find no merit to Shoulders's argument. Trial counsel, through experience, chose not to file a dispositive motion while plea negotiations were pending, and Shoulders waited until the last minute to reject the plea offer. Whether or when to file a motion is a question of trial strategy, which is not a ground for postconviction relief. *See, e.g., Gould v. State*, 2019 Ark. App. 418, at 12, 585 S.W.3d 182, 190.

### B. Dash–Cam–Video Transcript

In his second point on appeal, Shoulders argues that his trial counsel was ineffective because he failed to have the dash–cam footage from his traffic stop transcribed. Shoulders

7

argues that the video transcription would have "successfully show[n] communications with [the arresting] officer and defendant." He argues that during his trial, counsel failed to object to the legality of the search, and the jury thus had no idea that the dash-cam video existed; had they seen it, he contends, they would "have seen constitutional violations by [the] officer conducting the search." Shoulders claims that his attorney was ineffective because he failed to present the "favorable video" to the court or to bring his constitutional challenges to the jury's attention. He argues that had a transcription of the video been presented to the court, he could have proved that he limited the scope of his consent to the search of his vehicle. We disagree.

At the hearing on Shoulders's Rule 37 motion, Loyd explained that he did not attempt to introduce the video for the jury to see because the question of Shoulders's consent to the search was a moot issue, having been decided adversely to him by the court during the suppression hearing. Loyd added that the video would have been "very incriminating." When pressed for his reasons for not transcribing the video, Loyd said he did not think it was necessary as the video "speaks for itself." He noted that there were inaudible parts of the video, and the video itself would have been the best evidence to see the interaction between the officer and Shoulders and to hear their exchanges. Because the judge ruled against the motion to suppress and found that the search was consensual, however, he saw no reason to have the video transcribed.[4]

---

[4]The video was not played for the jury during trial and was not introduced into evidence.

We find no merit in Shoulders's argument. Counsel had a reasonable explanation for not presenting the video to the jury: the court had already ruled on the issue of Shoulders's consent, and to allow the jury to watch the video itself (either with or without a transcript) would have been incriminating. These are matters of trial strategy that were supported by reasonable professional judgment and thus not a basis for relief under Rule 37. *See Sorum v. State*, 2019 Ark. App. 354, at 12, 582 S.W.3d 18, 26 (counsel's decision to avoid calling jury's attention to an incriminating statement in a transcript of a video was reasonable trial strategy). Accordingly, we affirm on this point as well.

Affirmed.

GRUBER and BARRETT, JJ., agree.

*Roderick Shoulders*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.